# National Milk Sugar Company *v.* Smith, Kline and French Company, Appellant.

*Contracts—Sales—Executory contracts—Rescission — Affidavits of defense—Insufficient averments.*

A manufacturer of milk sugar sold its product to certain vendees at a special price under an agreement which provided that the vendees would not enter into competition with the vendor by selling the milk sugar to other persons, and that if the agreement were violated by the vendees, the vendor might recover for all loss suffered by reason of the forbidden sale, for all milk sugar delivered and not paid for, and might rescind the contract on ten days' notice of its intention to do so. In an action by the vendor for milk sugar sold and delivered to the vendee, plaintiff alleged a violation by defendant of the agreement relating to the sale of milk sugar, and that the contract had been rescinded; the affidavit of defense admitted the violation of the agreement but averred that it was done inadvertently and counterclaimed for the loss sustained by reason of plaintiff's rescission of the agreement. *Held,* the lower court did not err in entering judgment for plaintiff for want of a sufficient affidavit of defense.

Argued Feb. 15, 1916. Appeal, No. 122, Jan. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1914, No. 5242, for plaintiff, for want of a sufficient affidavit of defense, in case of National Milk Sugar Company v. Smith, Kline and French Company. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for the price of goods sold and delivered to defendant under a written contract.

Rule for judgment for want of a sufficient affidavit of defense. Before BREGY, P. J.

From the record it appeared that the twentieth clause of the contract between the parties was as follows:

TWENTIETH. In consideration of the purchase by the first party of the machinery, accessories, and equipment located at Rondout, N. Y., and Prattsville, N. Y., of the

second party, and of the special price made by the first party to the second party for powdered sugar of milk and the covenants herein contained, the second party expressly agrees that it will discontinue the manufacture of sugar of milk and that it will not directly or indirectly engage in the manufacture, purchase or sale of milk whey, crude sugar of milk, or refined sugar of milk during the period from the date hereof to December 31, 1917, except as herein provided, and except in the State of Nevada and for consumption in said state only. The second party further agrees that in the event of the second party engaging in the manufacture, purchase or sale of milk whey, crude sugar of milk or refined sugar of milk in violation of its agreement as aforesaid, the first party shall have the right to terminate this contract at the expiration of ten (10) days after giving the second party written notice thereof, and in the event of such termination the first party shall be entitled to receive and recover from the second party any sum or sums, then due, or which may thereafter become due, and for all damages sustained by the nondelivery of the sugar of milk caused by such termination.

Other facts appear in the following opinion by BREGY, P. J., sur plaintiffs rule for judgment for want of a sufficient affidavit of defense:

The Supreme Court having requested an opinion as to why this rule was made absolute by us, we now file the following in reply to the request:

The statement of claim and the affidavit of defense show the following condition of affairs.

The defendant company having sold its plant in which it manufactured milk sugar to the plaintiff company entered into an agreement which provided in great detail for their respective dealings.

The parts of that agreement which are important to consider in the present controversy are these:

The plaintiff agreed to sell milk sugar to the defendants for their use in the manufacture of "Eskay Food,"

at a price that was special to them.   The defendants agreed that they would not enter into competition with the plaintiff by selling the milk sugar that they bought ostensibly for their own use in the manufacture of "Eskay Food."

Paragraph twenty of the agreement provided that if the defendants did sell the milk sugar above alluded to that the plaintiff could do all of three things.

First.—Recover for all loss that had been suffered by reason of the forbidden sale.

Second.—Recover payment for all milk sugar delivered and unpaid for, and

Third.—Had the right to rescind the contract on 10 days' notice of its intention to do so.

These rights were cumulative and not alternative.

The statement of claim alleged a violation of that part of the agreement, a rescission of the contract and a claim for milk sugar delivered and unpaid for.

The affidavit of defense admits the violation of the agreement not to sell, but says it was done "inadvertently" whatever that may mean.

This of course is no excuse for violating an agreement. The other reason assigned to prevent judgment is that they have paid the plaintiff his loss.   But by the agreement they were bound to do that anyhow.   That is one of the plaintiff's rights but only one.

They admit they have not paid for the goods delivered and sold for in this action but try to offset it by a counterclaim larger in amount.   This counterclaim is entirely ineffective if the right to rescind existed with the plaintiff.   This in our judgment was the plaintiff's right and it was exercised within a reasonable time.

The letters attached to the affidavit of defense show that the experts who were put on the defendant's books made a report showing the amount of sales made by the defendant on September 9, 1913, and on September 27, 1913.   The contract was rescinded.

This, we think was within a reasonable time.   We

made the rule absolute because the defendant had violated their agreement not to sell milk sugar by his own admission and that the penalty for so doing was the right of plaintiff to rescind. This view made it unnecessary to consider whether the counterclaim was stated with sufficient definiteness.

The court made the rule absolute and assessed damages at $4,062.50. Defendant appealed.

*Error assigned* was in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*James Collins Jones,* for appellant.

*Jere J. Crowley,* for appellee.

PER CURIAM, March 20, 1916:

Appellant's affidavit of defense admits its violation of the agreement of June 29, 1908, between it and the appellee. The latter had, therefore, a right to rescind, under the twentieth clause of the agreement, and to recover from the appellant the price of goods delivered in pursuance of it. This action was brought for that purpose, and nothing is averred in the affidavit of defense which relieves the appellant from paying the sum claimed in appellee's statement. This was the correct view of the learned court below in making absolute the rule for judgment.

Judgment affirmed.